UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEREK RAY HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-03028-SEB-MPB |
| | ) | |
| MATTHEW L. DECKARD, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening and Dismissing Complaint, Denying Motion to Submit New Evidence, Denying Motion to Settle Judgment, Denying Motion for Order of Appeal, and Allowing Opportunity to File an Amended Complaint**

Plaintiff Derek Ray Hill filed this civil rights complaint against the defendants based on their response to a head injury he sustained on November 10, 2020, at the Tipton County Jail. Because Mr. Hill is a prisoner, the complaint is subject to screening.

## I. Screening the Complaint

### A. Screening Standard

The Court must screen Mr. Hill's complaint, dismissing any and all claims that are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)−(c). In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B.     The Complaint

The complaint names three sets of defendants: (1) Lieutenant Mathew Dechard; (2) the Tipton County Sheriff Department; and (3) "All involved with the incident on 11-20-2020."

In the complaint, Mr. Hill alleges that he has suffered from a traumatic brain injury since at least March 2020. On October 16, 2020, he was booked into the Tipton County Jail. At book-in, a medical provider prescribed him anti-seizure medications and issued him a bottom bunk pass.

On November 8 and 9, 2020, Mr. Hill interacted with medical staff, who scheduled a future doctor visit.

On November 10, 2020, jail officers conducted a raid. At some point during the raid, Mr. Hill hit his head. He experienced dizziness and mild seizure symptoms. At 5:55 a.m., he submitted a medical request.

Around 9:00 a.m., Mr. Hill was taken to medical and reported his symptoms. A nurse provided him with Tylenol and offered to have Mr. Hill placed in a padded cell for seizure observation. Mr. Hill declined and went back to his cell.

Later in the morning of November 10, an officer arrived and escorted Mr. Hill to a padded cell. The officer explained that Lieutenant Dechard had ordered the transfer. After the transfer, Lieutenant Dechard visited and questioned Mr. Hill. He accused Mr. Hill of lying about the head injury and told him that he would remain in the padded cell.

According to Mr. Hill, the padded cell had feces on the wall. He requested and received cleaning supplies. He also received visits from a nurse and a doctor. Mr. Hill asked the doctor and nurse to be sent back to his cell, but they responded that they could not order his transfer. They scheduled him for a visit with an outside neurosurgeon.

Around 9:00 p.m., Mr. Hill experienced a seizure. No one helped him. At 10:30, an officer visited Mr. Hill, and Mr. Hill asked why he had not received his seizure medication. The officer responded that he had forgotten it. Mr. Hill received his medication around 11:00 p.m.

Around 2:30 p.m. the next day—November 11, 2020—Sergeant Shepard transferred Mr. Hill back to his cell. When Mr. Hill questioned why he was in the padded cell, Sergeant Shepard explained that it was because of Mr. Hill's report of seizure-like symptoms.

### C. Discussion

The complaint does not specify whether Mr. Hill was a pretrial detainee or convicted prisoner on November 10 and 11, 2020. For purposes of this screening order, the Court assumes that Mr. Hill was a pretrial detainee.

Mr. Hill's claims against "[a]ll involved with the incident on 11-20-2020" are **dismissed** for failure to state a claim upon which relief can be granted. Mr. Hill has not alleged any wrongdoing by any jail official during the raid on November 20, 2020. Moreover, "it is pointless to include [an] anonymous defendant [in] federal court." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997).

Mr. Hill's claims against Lieutenant Dechard and the Tipton County Sheriff Department are also **dismissed** for failure to state a claim upon which relief can be granted. Mr. Hill makes no allegations about the Tipton County Sheriff Department. The complaint does allege facts involving Lieutenant Dechard suggesting that Mr. Hill intends to raise either a medical care claim, a retaliation claim, or both.

To state a medical care claim as a pretrial detainee, Mr. Hill must allege (1) that Lieutenant Dechard "acted purposefully, knowingly, or perhaps even recklessly when [he] considered the consequences of" his response to Mr. Hill's medical condition; and (2) that Lieutenant Dechard's

response to Mr. Hill's medical condition was objectively unreasonable. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353−54 (7th Cir. 2018); *see also Kingsley v. Hendrickson*, 576 U.S. 389, 395 (2015). Mr. Hill's allegations do not allow the Court to reasonably infer that Lieutenant Dechard is liable under this standard. Lieutenant Dechard expressed disbelief about Mr. Hill's reported symptoms, but he nevertheless ordered Mr. Hill transferred to a padded cell, thereby reducing the potential harm from a seizure. During his stay in the padded cell, Mr. Hill received medical attention from a doctor and nurse, as well as his anti-seizure medication. The medication was delivered late, but Mr. Hill alleges that another officer was responsible for the late delivery.

To state a claim for retaliation, Mr. Hill "must allege that (1) [he] engaged in activity protected by the First Amendment; (2) [he] suffered a deprivation that would likely deter First Amendment activity; and (3) the protected activity [he] engaged in was at least a motivating factor for the retaliatory action." *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017). Even assuming that Mr. Hill's complaint about hitting his head was protected First Amendment activity, he has not alleged a retaliatory action that would deter an ordinary prisoner from making such a complaint. Mr. Hill suggests that Lieutenant Dechard transferred him to a padded cell in retaliation for reporting his head injury. But this action would not deter an ordinary prisoner from reporting an injury. Indeed, as Mr. Hill alleges, two other jail officials believed that observation in a padded cell was the proper medical response to Mr. Hill's reported symptoms. *See* dkt. 1 at 7 (Mr. Hill alleging that nurse asked if Mr. Hill wanted to be placed in padded cell for 24-hour observation); *id.* at 11 (Mr. Hill alleging that Sergeant Shepard reported that Mr. Hill was placed in the padded cell because he complained of seizure-like symptoms after hitting his head). And according to Mr. Hill, he actually had a seizure while in the padded cell, further confirming that placement in the padded cell was an appropriate response.

### D. Opportunity to File Amended Complaint

Mr. Hill's claims against all named defendants are dismissed, but the Court will not dismiss the entire action at this time. Instead, Mr. Hill shall have **through May 14, 2021**, to file an amended complaint. If filed, an amended complaint should have the words "Amended Complaint" and the proper case number, No. 1:20-cv-03028-SEB-MPB, on the first page. Any amended complaint will be screened pursuant to 28 U.S.C. § 1915A(b) and will completely replace the original complaint, so it must include all defendants, claims, factual allegations, and remedies Mr. Hill wishes to pursue in this action.

Alternatively, Mr. Hill may file a notice of voluntary dismissal on or before May 14, 2021. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

Failure to comply with this deadline will result in dismissal for failure to state a claim upon which relief can be granted.

### II. Plaintiff's Motions

Mr. Hill's motion to submit new evidence seeks to introduce four pages from Mr. Hill's journal. The motion, dkt. [14], is **denied**. If Mr. Hill seeks to raise new allegations against Lieutenant Dechard or anyone else, he must do so in an amended complaint.

Mr. Hill's motion to settle judgment does not specify any requested relief. Instead, Mr. Hill describes the proceedings in his state court habeas corpus action. This motion, dkt. [18], is **denied**.

Likewise, Mr. Hill's motion for order for appeal does not specify any requested relief. It appears to be a copy of a document Mr. Hill filed in his state court habeas corpus action. The motion, dkt. [21], is **denied**.

### III. Conclusion

Mr. Hill's complaint is **dismissed** for failure to state a claim upon which relief can be granted. Mr. Hill shall have **through May 14, 2021**, to file an amended complaint.

Mr. Hill's motion to submit new evidence, dkt. [12], motion to settle judgment, dkt. [18], and motion for order for appeal, dkt. [21], are all **denied**.

**IT IS SO ORDERED.**

Date: 4/8/2021

*Sarah Evans Barker* (signature)

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DEREK RAY HILL
3342 South State Road 19 Apt 12
Tipton, IN 46072